CARLOS ISAIAH STRICKLAND,

        Petitioner,

v.                                    Case No. 3:15-cv-1251-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

_____

## ORDER

### I.   **Status**

Petitioner Carlos Strickland, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on October 15, 2015.[1] Strickland is proceeding on an Amended Petition (Doc. 4) with attachments (Doc. 4-1), filed on January 26, 2016. Strickland challenges his 2006 state court (Duval County, Florida) judgments of conviction for two counts of attempted first-degree murder and one count of shooting or throwing deadly missiles. The circuit court sentenced Strickland to incarceration for a term of life as to both attempted first-degree murder charges and fifteen years as to the shooting or throwing deadly missiles charge.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

The Amended Petition raises five grounds for relief. See Doc. 4 at 5-11. Respondents filed a Response to the Petition. See Answer in Response to Order to Show Cause (Doc. 13; Resp.) with exhibits (Resp. Ex.). Strickland did not file a Reply.[2] This case is ripe for review.

## II.   **Relevant Procedural History**

On July 27, 2006, a jury convicted Strickland of two counts of attempted first-degree murder (counts one and two) and shooting or throwing deadly missiles (count three). Resp. Ex. A at 115-19. On September 14, 2006, the circuit court sentenced Strickland to incarceration for a term of life as to counts one and two, with a twenty-year minimum mandatory on each count, and fifteen years as to count three. Resp. Exs. A at 182-84; B at 304. The First District Court of Appeal (First DCA) per curiam affirmed Strickland's convictions and sentences on April 18, 2008, without a written opinion. Resp. Ex. H. The Mandate was issued on May 6, 2008.  Id.

On July 10, 2009, Strickland filed a Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. I at 1-10. Following a limited evidentiary hearing, the circuit court denied Strickland's Rule 3.850 Motion on July 19, 2013. Id. at 46-48. The First DCA per curiam affirmed the denial of the Rule 3.850 Motion, without a written opinion, in a Mandate issued on June 2, 2014. Resp. Ex. N.

---

[2] Strickland filed a motion for extension of time to file a reply (Doc. 14), which the Court granted (Doc. 15), but then he never filed the reply.

## III.    One-Year Limitations Period

This action is timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

## IV.    Governing Legal Principles

### A. Standard Under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or

> argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

## B. Exhaustion and Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (noting "that Boerckel applies to the state collateral review process as well as the direct appeal process.").

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the ""opportunity to pass upon and correct" alleged violations of its prisoners' federal rights."" Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[3] supra, at 747–748, 111 S. Ct. 2546; Sykes,[4] supra, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally

---

[3] Coleman v. Thompson, 501 U.S. 722 (1991).
[4] Wainwright v. Sykes, 433 U.S. 72 (1977).

defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. <u>Ward v. Hall</u>, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause and prejudice,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S. Ct. 2639).[5] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." <u>Id.</u> at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S. Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." <u>Carrier</u>, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001).

---

[5] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## C. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish ineffective assistance, a person must show that: (1) counsel's performance was outside the wide range of reasonable, professional assistance; and (2) counsel's deficient performance prejudiced the challenger in that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. Strickland, 466 U.S. at 687.

Notably, there is no "iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth

Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697.

"The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 105. As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010). "Reviewing courts apply a 'strong presumption' that counsel's representation was 'within the wide range of reasonable professional assistance.'" Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1262 (11th Cir. 2016) (quoting Strickland, 466 U.S. at 689). "When this presumption is combined with § 2254(d), the result is double deference to the state court ruling on counsel's performance." Id. (citing Richter, 562 U.S. at 105); see also Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1333-35 (11th Cir. 2013) (en banc) (Jordan, J., concurring); Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004).

**V.    Analysis**

**A. Ground One**

Strickland contends that the circuit court erred in restricting his cross-examination of Detective Dingee. Doc. 4 at 5. Specifically, the circuit court excluded testimony concerning Detective Dingee's knowledge of any suspects in the murder investigation of Strickland's brother. Doc. 4-1 at 1. According to Strickland, this testimony was relevant to support his defense theory that he did not intend to kill the victims. Id. Instead, Strickland claims that he only intended to "'shoot up' the car which he believed belonged to the person that murdered his brother." Id. By excluding this testimony, Strickland asserts the circuit court violated his Sixth Amendment right to confront the witnesses against him. Id. at 3.

At trial, Strickland attempted to elicit testimony from Detective Dingee concerning his knowledge of who killed Strickland's brother. Resp. Ex. D at 295-96. The state objected on relevancy grounds and the circuit court sustained the objection. Id. Strickland challenged the circuit court's ruling on direct appeal. Resp. Ex. F at 16-20. The First DCA per curiam affirmed the circuit court's ruling without a written opinion. Resp. Ex. H.

To the extent that the First DCA decided the claim on the merits,[6] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law,

_____

[6] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Strickland is not entitled to relief on the basis of this claim.

Nevertheless, even if the First DCA's adjudication of this claim is not entitled to deference, Ground One is without merit. The Eleventh Circuit has explained:

> The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him. Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). The main purpose is to secure the opportunity for cross-examination, but a defendant does not have the right to cross-examination in whatever way, and to whatever extent, he might wish. Id. Trial courts have "wide latitude" to impose reasonable limitations based upon concerns about, among other things, harassment, prejudice, confusion of the issues, witness safety, or repetitive or marginally relevant testimony. Id.

Erwin v. Sec'y, Fla. Dep't of Corr., 568 F. App'x 749, 752 (11th Cir. 2014); see also Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (stating that "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."). Cross-examination must be relevant and have probative value. Greene v. Wainwright, 634 F.2d 272, 275 (5th Cir. 1981). Under Florida law, "[r]elevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat.; see also Guerrero v. State, 125 So. 3d 811, 814 (Fla. 4th DCA 2013) ("In determining relevance, we look to

the elements of the crime charged and whether the evidence tends to prove or disprove a material fact.").

Here, Detective Dingee's knowledge of who he thought killed Strickland's brother is not relevant to any element of the charged offenses nor relevant to who Strickland's thought killed his brother. As to the latter matter, Strickland has not shown that at the time of the incident in this case he knew who Detective Dingee thought killed his brother. Without such a nexus, Detective's Dingee knowledge was irrelevant to Strickland's state of mind, because it did not influence Strickland's perception of who he thought killed his brother. As the testimony on this matter would not have been relevant, the circuit court did not err in excluding this testimony. Erwin, 568 F. App'x at 752; § 90.401, Fla. Stat.; Guerrero, 125 So. 3d at 814. Accordingly, Ground One is denied.

## B. Ground Two

Strickland asserts that trial counsel was ineffective for conceding his guilt as to count three during opening statements. Doc. 4 at 6. According to Strickland, his trial counsel inadvertently conceded his guilt without Strickland's consent because counsel misunderstood the legal elements of the offense. Doc. 4-1 at 5-11. Strickland contends that trial counsel erroneously believed the state had to prove that Strickland knew that someone was in the vehicle, which is not an element of shooting or throwing deadly missiles. Id. at 9-11. This mistake, Strickland claims, resulted in his guilty verdict as to count three, and helped aid in his convictions for counts one and two. Id. at 12-13.

Respondents contend Strickland properly exhausted his claim that trial counsel was ineffective for conceding his guilt as to count three. Doc. 13 at 19-21. However, Respondents assert Strickland's claim that counsel misunderstood the legal elements of the offense is procedurally defaulted because it was not presented to the state court. Id.

Strickland raised a similar claim that counsel was ineffective for conceding his guilt as to count three in ground one of his Rule 3.850 Motion. Resp. Ex. I at 5-6. However, in that motion, Strickland never asserted counsel did so because he misunderstood the elements of count three. Id. Instead, Strickland argued this concession was done without his consent and was contrary to the factual recitation of the incident Strickland explained to his counsel pre-trial. Id. Accordingly, the Court finds Strickland's claim that counsel misunderstood the elements of count three to be unexhausted and procedurally defaulted. See McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (noting that "in order to ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.' While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court 'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'") (citations omitted); Baldwin, 541 U.S. at 29; Boerckel, 526 U.S. at 845. Strickland has not alleged any cause or prejudice to overcome this procedural default. Likewise, he has not alleged that he has "new" reliable evidence of factual innocence and there is

nothing in the record to suggest a miscarriage of justice will occur if the Court does not reach the merits of this claim.  See Schlup v. Delo, 513 U.S. 298, 327 (1995).

As to Strickland's general claim that counsel was ineffective for conceding his guilt at to count three, the circuit court denied this claim, stating:

> In Ground 1 of his Motion, the Defendant alleges that his trial counsel was ineffective for conceding the Defendant's guilt as to one of the charged counts without permission from the Defendant. However, this allegation is refuted by the record. During the trial, the judge inquired of the Defendant and the Defendant told the court that the concession made by trial counsel during opening statement was trial strategy that he had been consulted on and agreed with. The Defendant is bound by statements he made to the court under oath. Iacono v. State, 829 So. 2d 831 (Fla. 4[th] DCA 2006). Accordingly, Ground 1 is denied based upon the record without any evidentiary hearing.

Resp. Ex. I at 46. The First DCA per curiam affirmed the circuit court's denial of this claim without a written opinion. Resp. Ex. N.

To the extent that the First DCA decided the claim on the merits,[7] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination

---

[7] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

of the facts in light of the evidence presented in the state court proceedings. Thus, Strickland is not entitled to relief on the basis of this claim.

Nevertheless, even if the First DCA's adjudication of this claim is not entitled to deference, Ground Two is without merit. The United States Supreme Court has noted that "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also Kelley v. State, 109 So. 3d 811, 812-13 (Fla. 1st DCA 2013) (holding a court may deny postconviction relief on claims that are refuted by sworn representations the defendant made to the trial court).

As part of counsel's opening statement, counsel conceded Strickland shot at the car, but contended Strickland did not know anyone was inside the car at the time he opened fire. Resp. Ex. C at 23-24, 26. Subsequently, the circuit court conducted a colloquy with Strickland concerning his counsel's concession. Resp. Ex. C at 76-77. During that colloquy, Strickland represented to the circuit court, under oath, that he discussed this strategy with his counsel and agreed on implementing the strategy at trial. Id. at 77. Strickland has failed to provide any evidence or reasons to rebut the presumption that his sworn statement to the circuit court was not true, as such, Strickland is bound by his declaration. See Blackledge, 431 U.S. at 74; Kelley, 109 So. 3d at 812-13. Accordingly, these sworn representations to the circuit court refute Strickland's claim that counsel conceded count three without consulting him or without his consent.

Moreover, Strickland cannot demonstrate prejudice. The two victims, Dontray Smith and Robert Ward, testified Strickland intentionally shot at Ward. Resp. Ex. C

at 36-41, 50-52, 60-62, 69-73, 118-21. Smith testified that after Strickland missed Ward he turned to Smith and began to shoot at him, which led Smith to seek cover in the vehicle. <u>Id.</u> at 39-42, 50-53, 59. However, Strickland continued to shoot at Smith while Smith was in the vehicle. <u>Id.</u> Furthermore, an off-duty officer at the scene corroborated the testimony of both victims, stating he saw Strickland purposely shoot at both victims. <u>Id.</u> at 79-80, 85-88, 92-95. Notably, both Smith and Ward testified that they never saw Strickland shooting only at the car, which is contrary to Strickland's defense theory. <u>Id.</u> at 50, 88. In summation, three eye-witnesses' undisputed testimony established Strickland intended to shoot each victim and that he also shot at Smith while Smith was in a vehicle. Accordingly, the elements of count three were established at trial and would have been sufficient for the jury to find Strickland guilty. Based on this uncontroverted testimony, there is no reasonable probability the outcome of the trial would have been different had counsel not made the concession during opening statements. As Strickland cannot demonstrate prejudice, his claim of ineffective assistance of counsel fails. <u>Ward</u>, 592 F.3d at 1163. Ground Two is denied.

### C. Ground Three

Strickland claims that trial counsel was ineffective for misinforming him that the jury would know the details of his prior convictions if he testified. Doc. 4 at 8. But for this mistake, Strickland contends that he would have testified and provided an alternate theory for the shooting, which he claims would have led to a not guilty verdict on counts one and two. Doc. 4-1 at 19-21. Strickland notes that he received an evidentiary hearing on this claim and both he and his mother testified that trial

counsel told them the details of his prior convictions would come out if he took the stand. Id. at 16-17. At that same hearing, his trial counsel testified that he did not remember a conversation on this topic. Id. Based on this testimony, Strickland argues the circuit court erred in denying this claim, as there was no evidence contradicting the testimony provided by his mother and himself. Id.

Strickland raised a similar claim as ground two of his Rule 3.850 Motion. Resp. Ex. I at 6-8. After holding an evidentiary hearing, the circuit court denied this claim, stating:

> In Ground 2 of his Motion, the Defendant alleges that his trial counsel was ineffective for interfering with his right to testify by advising the Defendant that the nature and details of his prior convictions would come into evidence if he testified. Trial court heard testimony from the Defendant, from trial counsel, Gerald Bettman and from the Defendant's mother. Mr. Bettman testified that he has been a practicing Florida lawyer since 1980 and has completed over fifty (50) jury trials. Mr. Bettman further testified that although he did not recall the specific details of his individual meetings and discussions with the Defendant, he affirmatively denied ever telling the Defendant that the nature and details of his prior convictions would come into evidence if he testified. Mr. Bettman additionally testified that he is very familiar with the law relative to a Defendant testifying and has never told any Defendant such a misstatement of the law. [The t]rial court found Mr. Bettman's testimony to be credible.
>
> Because the trial court finds Mr. Bettman's testimony credible, and thus that counsel's representation conformed to the prevailing professional norms, the Defendant has failed to demonstrate deficient performance. Stancle v. State, 980 So. 2d 619, 621 (Fla. 4th DCA 2008), citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the Defendant has failed to establish deficient performance, this court need not address prejudice as there is no reason for a court

> deciding an ineffective assistance claim to address both
> components of the inquiry if the Defendant makes an
> insufficient showing on one. Id.

Resp. Ex. I at 47. The First DCA per curiam affirmed the circuit court's denial of this claim without a written opinion. Resp. Ex. Resp. Ex. N.

To the extent that the First DCA decided the claim on the merits,[8] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Strickland is not entitled to relief on the basis of this claim.

Nevertheless, even if the First DCA's adjudication of this claim is not entitled to deference, Ground Three is without merit. In federal habeas proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C.A. § 2254(e)(1). A petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. In reviewing claims of ineffective assistance of counsel where a trial counsel does not have specific memories otherwise, courts may rely on an attorney's representation that his or her conduct at the time was in conformance with his or her general practice or habit. Dasher v. Att'y Gen.,

---

[8] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

Fla., 574 F.3d 1310, 1314 (11th Cir. 2009); State v. Avila, 43 So. 3d 936, 938 (Fla. 3d DCA 2010) (noting that counsel's testimony at a postconviction evidentiary hearing of his habit and routine "creates an inference which can be considered by the trier of fact without corroborative evidence.").

The Court finds Strickland has failed to provide any evidence to meet his burden of overcoming the presumption of correctness as to the circuit court's factual finding that trial counsel's testimony was credible. As such, the Court presumes trial's counsel's testimony is credible. 28 U.S.C.A. § 2254(e)(1). Furthermore, although counsel did not specifically remember having any conversations with Strickland about his prior convictions, he detailed his correct understanding of the law and his general practice of informing defendants about the implications of a defendant's prior convictions should they take the stand. Resp. Ex. J at 17-21. Accordingly, trial counsel's testimony that his conversations with Strickland would have conformed with his general practice is sufficient to refute Strickland's claim of deficient performance. See Dasher, 574 F.3d at 1314; Avila, 43 So. 3d at 938. Therefore, Ground Three is denied.

### D. Ground Four

Strickland asserts that trial counsel was ineffective for failing to timely convey his acceptance of two plea offers before they expired. Doc. 4 at 9; Doc. 4-1 at 23-25.

Respondents assert that this claim is procedurally defaulted because Strickland never raised it with the state court. Doc. 13 at 31. However, while acknowledging this claim is unexhausted, Strickland contends this procedural default should be excused

pursuant to <u>Martinez v. Ryan</u> because of postconviction counsel's ineffectiveness in failing to raise this claim in his Rule 3.850 Motion. Doc. 4-1 at 31-32.

The Eleventh Circuit has explained the holding of <u>Martinez</u> as follows:

> In <u>Martinez</u>, the U.S. Supreme Court enunciated a narrow exception to the general rule that the lack of an attorney or attorney error in state post-conviction proceedings does not establish cause to excuse the procedural default of a substantive claim. 566 U.S. at 8, 13-14, 132 S.Ct. at 1315, 1318. The Supreme Court, however, set strict parameters on the application of this exception. It applies only where (1) state law requires a prisoner to raise ineffective-trial-counsel claims during an initial collateral proceeding and precludes those claims during direct appeal; (2) the prisoner failed to properly raise ineffective-trial-counsel claims during the initial collateral proceeding; (3) the prisoner either did not have counsel or his counsel was ineffective during those initial state collateral proceedings; and (4) failing to excuse the prisoner's procedural default would result in the loss of a "substantial" ineffective-trial-counsel claim. <u>Id.</u> at 14, 132 S.Ct. at 1318; <u>see also</u> <u>Arthur v. Thomas</u>, 739 F.3d 611, 629 (11th Cir. 2014) (setting forth the <u>Martinez</u> requirements).

<u>Lambrix</u>, 851 F.3d at 1164. A claim is substantial if it "has some merit." <u>Martinez</u>, 566 U.S. at 14. For purposes of determining whether postconviction counsel was ineffective, a petitioner "must show more than the mere fact they failed to raise potentially meritorious claims; he must show that *no competent counsel*, in the exercise of reasonable professional judgment, would have omitted those claims." <u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1263 (11th Cir. 2014) (emphasis in original).

Ground Four is not a substantial claim because it is meritless. At the evidentiary hearing on Strickland's Rule 3.850 Motion, trial counsel testified as follows:

. . . we were very close to entering a plea and the prosecution kept on changing the offer every time Mr. Strickland would accept the plea offer. For example, when I came in, he had an offer of 15 years. He didn't want that. But when I convinced him that that probably would be the smarter thing to do, we – he wanted to enter a plea, we went back to the prosecution, they moved it to 17 years. We went back to Mr. Strickland, after awhile he agreed to accept that, then they went up to 20 years. So now we're on the day of trial and we actually had a meeting with Judge Carithers and Judge Carithers says we – we wanted to maximize, we wanted to enter a plea with a cap of 20 years.

. . . .

So it's just very confusing on this case because every time Mr. Strickland would make a deal with his – with his readiness to enter a plea, the prosecutor would make it – would kind of like back step and I'd have to go back to Mr. Strickland and tell him, well, they took the deal away and we didn't know why.

Resp. Ex. J at 27-29. Trial counsel's testimony refutes Strickland's assertion that the state's offers expired. Instead, the state rescinded these offers for reasons unknown to counsel. Moreover, counsel's testimony reflects Strickland was apprehensive about accepting the plea offers, and only did so after counsel persuaded him it was in his best interest. Accordingly, based on this uncontroverted evidence, Strickland's hesitancy to accept the plea offers caused the delay in communications between counsel and the state. For these reasons, this claim has no merit. Therefore, Strickland has failed to show cause for his failure to exhaust this claim. Strickland has also failed to demonstrate "actual innocence" or identify any fact warranting the application of the fundamental miscarriage of justice exception. Accordingly, Ground Four is denied.

## E. Ground Five

Strickland contends that trial counsel was ineffective for relying on an improper concession theory of defense when there was a more viable "heat of passion" defense available. Doc. 4 at 11. According to Strickland, trial counsel failed to inform him that he could assert a "heat of passion" defense, and that had he known of this defense he would not have supported counsel's strategy to concede. Doc. 4-1 at 35-36. Strickland claims the facts surrounding Strickland's emotional state due to the murder of his brother would have supported a "heat of passion" defense, which would have negated the elements of premeditation and depravity in first and second-degree murder. Id. at 36.

Respondents assert that this claim is procedurally defaulted because Strickland never raised it with the state court. Doc. 13 at 33. However, while acknowledging this claim is unexhausted, Strickland contends this procedural default should be excused pursuant to Martinez v. Ryan because of postconviction counsel's ineffectiveness in failing to raise this claim in his Rule 3.850 Motion. Id. at 40.

As noted above, a Martinez claim must be substantial. Martinez, 566 U.S. at 14. However, Ground Five is not a substantial claim. Under Florida law, the "heat of passion" defense "can be used as a partial defense, to negate the element of premeditation in first degree murder or the element of depravity in second degree murder." Villella v. State, 833 So. 2d 192, 195 (Fla. 5th DCA 2002). "In order for the defense of heat of passion to be available there must be 'adequate provocation . . . as might obscure the reason or dominate the volition of an ordinary reasonable man.'"

Paz v. State, 777 So. 2d 983, 984 (Fla. 3d DCA 2000) (quoting Rivers v. State, 78 So. 343, 345 (1918)). In determining whether "adequate provocation" exists, a court considers the immediacy of the defendant's actions in relation to when the provocation occurred. Id.; see also Olds v. State, 44 Fla. 452, 462 (Fla. 1902) ("An intentional killing, therefore, may not be murder when done in the heat of passion or anger, and *following a sufficient provocation so close in time as to raise the presumption that it was the result of sudden impulse*.") (emphasis added).

Here, the alleged provocation was the death of Strickland's brother that occurred approximately *two months* before the incident. Resp. Ex. C at 22-23. Two months is a reasonable amount of time to quell the heat of passion, because Strickland had ample time to reflect and cool down. Based on this two-month delay, Strickland's actions on the day of the shooting would not be close enough in time to raise the presumption that the shooting was the result of a sudden impulse. Olds, 44 Fla. at 462; Paz, 777 So. 2d at 984. As such, a "heat of passion" defense would have failed. Accordingly, counsel cannot be ineffective for failing to raise a meritless argument. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005). Therefore, Ground Five is denied.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Amended Petition (Doc. 4) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.     If Strickland appeals this Order, the Court denies a certificate of appealability.  Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[9]

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-8
C:     Carlos Isaiah Strickland, #J23769
        Counsel of record

---

[9] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this substantial showing, Strickland "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.